ORIGINAL

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

FILED
APR - 3 2007
U.S. COURT OF FEDERAL CLAIMS

******************************

**GREAT LAKES DREDGE & DOCK COMPANY, LLC as the Successor in Interest of GREAT LAKES DREDGE & DOCK COMPANY, for the Use and Benefit of WILKINSON & JENKINS CONSTRUCTION CO., INC.,**

**Plaintiff,**

**v.**

**No. ______________**

**Judge ______________**

**UNITED STATES ARMY CORPS OF ENGINEERS,**

**Defendant.**

******************************

**COMPLAINT**

**JURISDICTION**

Jurisdiction of this Court is founded upon the Contract Disputes Act of 1978, 41 U.S.C. 601 et seq.

**STATEMENT OF FACTS**

1. On September 25, 2002, the United States Army Corps of Engineers, U.S.A. Engineering District, Jacksonville, Florida ("Corps"), awarded Contract No. DACW17-02-C-0037 (the "Contract") to Great Lakes Dredge & Dock Company, ("Great Lakes"), 2122 York Road, Oak Brook, Illinois, for Construction and Maintenance Dredging, 40-Foot Project, Entrance Channel, Turning Basin and Berthing Areas, Manatee Harbor, Florida ("Project").[1]

---

[1] As of August 1, 2005, Great Lakes Dredge & Dock Company was merged with and into Great Lakes Dredge & Dock Company, LLC, and by virtue of the merger, Great Lakes Dredge & Dock Company LLC assumed all obligations and liabilities of Great Lakes Dredge & Dock Company. Great Lakes Dredge & Dock Company, Great Lakes Dredge & Dock Company LLC and the U.S. Army Corps of Engineers entered into a Novation Agreement, effective August 1, 2005, in which the Corps recognized Great Lakes Dredge & Dock Company, LLC as the successor in interest of Great Lakes Dredge & Dock Company with respect to numerous contracts, including Contract No.: DACW17-02-C-0037.

2. The Contract awarded to Great Lakes was based on Great Lakes' price contractually agreed to by the parties. A true and correct copy of the Contract is attached hereto and incorporated herein as Exhibit "1."

3. The Contract contained standard clauses governing Differing Site Conditions (52.236-2) (Apr. 1984), Changes (52.243-4) (Aug. 1987), Requests for Equitable Adjustment (252.243-7002) (Mar. 1998) and Disputes (52-233-1) (Dec. 1998). The Corps further had a common law duty to cooperate with Great Lakes in the performance of the Contract, as well as an obligation not to unreasonably delay or hinder Contract performance.

4. On May 19, 2003, Great Lakes subcontracted certain Contract work to its dike construction subcontractor, Wilkinson & Jenkins Construction Co., Inc. ("W&J"). A true and correct copy of the W&J subcontract ("Subcontract") is attached and incorporated herein as Exhibit "2."

5. During the course of the Project work, several design problems were discovered in the Contract's plans and specifications, and W&J encountered differing site conditions in attempting to perform the subcontracted work. In order to correct these design problems and to address the differing site conditions, the Corps made a number of changes to the contract plans and specifications. The changes impacted W&J's costs and time performance; the work of W&J was on the critical path of the Project and Great Lakes was impacted also. The Corps changed the Contract to overcome the defects in the Contract and the differing site conditions in order to complete the dike work. The Corps made changes pursuant to two unilateral change orders (Contract Modifications P00007 and P00016) and one agreed upon change order (Modification P00015).[2] Pursuant to Modifications P00007 and P00016, the final price and contract time were

[2] There were also changes to the scope of Modification P00015. After work on this Modification began, additional costs were incurred for which additional monies are now due.

to be agreed upon at a later point. After the work was done, Great Lakes and W&J were directed by the Corps to submit a Request for Equitable Adjustment through Great Lakes for the purpose of the Corps, Great Lakes and W&J coming to a final agreement as to additional compensation and additional contract time for unilateral Modifications P00007 and P00016 and Modification P00015.

6. As requested, W&J submitted its Request for Equitable Adjustment to Great Lakes and Great Lakes submitted the Request for Equitable Adjustment to the Corps (with appropriate markup and a request for compensation for delay for Great Lakes). The Corps specifically instructed W&J and Great Lakes to submit their proposal as a Request for Equitable Adjustment and not as a claim because, according to the Corps, the Corps was already working on its Estimate of Costs and it was the Corps' intention to negotiate and settle the Request for Equitable Adjustment without delay. However, thereafter, the Corps did not respond to the Request for Equitable Adjustment submitted by Great Lakes which included W&J's Request for Equitable Adjustment. W&J requested Great Lakes to convert the Request for Equitable Adjustment to a claim under the Disputes clause and to ask the Contracting Officer for a Final Decision.

7. Great Lakes submitted the claim in the amount of $ 2,689,977.74, representing the total value of the change order work, in accordance with Contract Clause 52-233-1 Disputes (Dec. 1998). A true and correct copy of the claim is attached and incorporated herein as Exhibit "3." The Corps paid portions of this claim through certain Contract Modifications, and the Corps indicated that it agreed to liability for the claim and agreed to all of the claim amounts except for a disagreement about the method of measurement of equipment costs (rates for

operating and standby costs) and a disagreement about when interest on unpaid monies should start to be calculated. As of this date, the Corps has not paid the full amount of the claim.

8. The Contracting Officer issued a final decision on the W&J claim that found the claim to have merit but awarded only a portion of the claimed equitable adjustment. Great Lakes, for the use and benefit of W&J, accordingly deems the claim to be denied to the extent the full amount of the claim was not paid.

9. Based on the defective plans and specifications, differing site conditions, and resulting changes to the work ordered by the Corps, Great Lakes and W&J incurred additional costs and delays. The additional costs and delays include, without limitation, costs and delay due to insufficient suitable borrow material within the existing disposal area, unsuitable material within the existing disposal area, unsuitable material within the footprint of the embankment, additional costs of excavation, dewatering, mixing of material and filling, as well as additional costs and delays due to truck downtime, overturned and damaged trucks, difficulties in truck travel, and additional labor and equipment required due to these unforeseen conditions so as to proceed with the diking and construction work.

10. Great Lakes and W&J based their prices, schedule and sequencing on the Contract plans and specifications. As a result of the defective design, differing site conditions and resulting changes in the work ordered by the Corps as part of the Corps' design changes, Great Lakes and W & J sustained additional costs and delay. Great Lakes for the use and benefit of W&J timely notified the Contracting Officer of the additional costs and delay incurred.

11. Great Lakes is entitled to be compensated by the Corps for those additional costs and delay, together with appropriate markup.

WHEREFORE, Great Lakes Dredge and Dock Company LLC, as the successor in interest of Great Lakes Dredge & Dock Company, for the use and benefit of Wilkinson & Jenkins Construction Co., Inc. is entitled to an equitable adjustment to the Contract, including additional compensation and additional contract time for, without limitation, additional work, additional equipment, labor, bonding costs and insurance costs, taxes, as well as supervision costs, indirect expenses, home and project site overhead costs and profit, together with interest and such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Dated: April 2, 2007

Joseph W. Lawrence, II
Florida Bar No. 211303
Vezina, Lawrence & Piscitelli, P.A.
The Museum Building
300 SW First Avenue Suite 150
Fort Lauderdale, Florida 33301
Telephone: (954) 728-1270
Facsimile: (954) 728-1271

Attorneys for Great Lakes Dredge & Dock Company, LLC as the Successor in Interest of Great Lakes Dredge & Dock Company, for the Use and Benefit of Wilkinson & Jenkins Construction Co., Inc.

H:\LIBRARY\767- Wilkinson & Jenkins\767-27\pldgs\4-2-07 Complaint and Cover Sheets\Complaint - final.DOC