IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| GREAT LAKES DREDGE & DOCK CO., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07-218C |
| | ) | (Judge Firestone) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S CORRECTED ANSWER AND AFFIRMATIVE DEFENSE

For its answer to the complaint, defendant admits, denies, and alleges as follows:

1. The allegation of jurisdiction contained in the paragraph preceding paragraph 1 constitutes a conclusion of law to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied. Admits the allegations contained in paragraph 1 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 1.

2. Admits the allegation contained in the first sentence of paragraph 2 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegation contained in paragraph 2. Denies the second sentence of paragraph 2; avers that Exhibit 1 to the complaint is an annotated copy rather than a true and correct copy of the contract.

3. Admits the allegations contained in the first sentence of paragraph 3 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 3. The allegations contained in the second sentence of paragraph 3 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Defendant avers that the Disputes Clause is 52.233-1, not 52-233-1.

4. Admits the allegations contained in paragraph 4 to the extent supported by the subcontract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 4.

5. Denies the allegations in the first sentence of paragraph 5. Admits the allegation contained in the second sentence of paragraph 5 that the Corps made changes to the contract; otherwise denies the allegation contained in the second sentence of paragraph 5. Admits the allegation contained in the third sentence of paragraph 5. Denies the allegation contained in the fourth sentence of paragraph 5. Admits the allegations contained in the fifth, sixth, and seventh sentences of paragraph 5, except for the allegations contained in footnote 2. Denies the allegations contained in footnote 2 to paragraph 5.

6. Admits the allegations contained in the first and second sentences of paragraph 6. Denies the allegation contained in the third sentence of paragraph 6. Denies the allegation in the fourth sentence of paragraph 6 for lack of knowledge or information sufficient to form a belief as to its truth.

7. Denies the allegations contained in the first sentence of paragraph 7; avers that the amount plaintiff claimed was $2,323,326.00. Denies the allegation contained in the second sentence of paragraph 2; avers that Exhibit 3 is incomplete. Admits the allegations contained in the third and fourth sentences of paragraph 7. Defendant avers that the Disputes Clause is 52.233-1, not 52-233-1.

8. Admits the allegations contained in the first sentence of paragraph 8 to the extent supported by the contracting officer's final decision cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 8. The allegations contained in the second sentence of paragraph 8 constitute conclusions of law to which no

answer is required; to the extent they may be deemed allegations of fact, they are denied.

9. Denies.

10. Denies the allegations contained in the first sentence of paragraph 10 for lack of knowledge or information sufficient to form a belief as to their truth. Denies the allegations contained in the second sentence of paragraph 10. Admits the third sentence of paragraph 10.

11. Denies.

12. Denies that plaintiff is entitled to the relief set forth in the prayer for relief immediately following paragraph 11, or to any relief whatsoever.

13. Denies each and every allegation not previously admitted or otherwise qualified.

AFFIRMATIVE DEFENSE

14. Plaintiff has been paid $2,457,845.15 for work related to P00007 and P00016 change orders. The amount requested should be reduced by this amount.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/Donald E. Kinner
DONALD E. KINNER
Assistant Director

s/Armando A. Rodriguez-Feo
ARMANDO A. RODRIGUEZ-FEO
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L St., NW
Washington, D.C. 20530
Tel: (202) 307-3390
Fax: (202) 514-8624

Of Counsel:
ELIZABETH F. OPPENHEIMER
Counsel
United States Army Corps of Engineers
Jacksonville District
701 San Marco Blvd.
Jacksonville, FL 32207-8175
Tel: (904) 232-1166

September 25, 2007

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on this 25th day of September, 2007, a copy of the foregoing "DEFENDANT'S CORRECTED ANSWER AND AFFIRMATIVE DEFENSE" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Armando Rodriguez-Feo