IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| GREAT LAKES DREDGE & DOCK CO., LLC, *et al.*,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 07-218C<br>(Judge Firestone) |

**JOINT PRELIMINARY STATUS REPORT**

Pursuant to Rule 16 and Appendix A of the Rules of the United States Court of Federal Claims, plaintiff, Great Lakes Dredge & Dock Company, LLC, as the successor in interest of Great Lakes Dredge & Dock Company, for the use and benefit of Wilkinson & Jenkins Construction Co., Inc. ("Great Lakes"), and defendant, the United States, respectfully submit this Joint Preliminary Status Report:

a. Does the Court have jurisdiction over the action?

Plaintiff asserts this Court has jurisdiction pursuant to the Contract Disputes Act of 1978 ("CDA"), 41 U.S.C. §§ 601-613, over the contract dispute at issue here, which is a dispute over contract work provided by Great Lakes through its subcontractor, Wilkinson & Jenkins Construction Co., Inc. ("W & J"), for the United States Army Corps of Engineers.

Defendant does not intend to challenge the Court's jurisdiction at this time.

b. Should the case be consolidated with any other case?

The parties agree that this case should not be consolidated with any other case.

c. Should the trial of liability and damages be bifurcated?

The parties agree that bifurcation of the trial of liability and damages should not be necessary.

d. Should further proceedings in this case be deferred pending consideration of another case before this Court or any other tribunal?

The parties agree that further proceedings in this case should not be deferred pending consideration of another case before this Court of any other tribunal.

e. Will a remand or suspension be sought?

The parties do not believe that remand or suspension will be sought.

f. Will additional parties be joined?

The parties do not currently anticipate that additional parties will be joined.

g. Does either party intend to file a motion pursuant to RCFC 12(b), 12(c), or 56, and if so, what is the proposed schedule for the intended filing?

Both parties agree that they may file dispositive motions in this case prior to trial.

h. What are the relevant factual and legal issues?

1. Factual Issues

The parties agree that the sole factual issue in this case is the amount of compensation that Great Lakes is entitled to receive for additional equipment costs that Great Lakes, through W & J, incurred on the project. The parties also agree as to the underlying facts and conditions that caused Great Lakes to incur the additional equipment costs at issue in this case. The parties disagree as to the proper standard of measurement of these equipment costs and, therefore, disagree as to the total cost.

The Government asserts that it has already paid Great Lakes $880,047 for the equipment costs. Great Lakes admits that it has been paid a certain amount.

The parties agree that all other issues, such as entitlement and quantum of other costs in this case, have been resolved, including the percentage of Great Lakes' mark-ups applicable to any W & J equipment costs found to be owed by the Government.

2. Legal Issues

The parties also agree that the primary legal issue in this case is whether the Government employed the correct standard in calculating the amount due to Great Lakes for the additional equipment costs that it incurred through W & J.

Great Lakes asserts that the hourly rates from the Corps of Engineers Manual 1110-1-8, Construction Equipment Ownership and Operating Expense Schedule, Region III (the "Manual"), should be used to calculate the additional equipment costs.

The Government, on the other hand, avers that section 00800 of the contract, incorporating Engineer Federal Acquisition Regulation Supplement ("EFARS"), Clause 52.231-5000, Equipment Ownership and Operating Expense Schedule, dictates that because actual costs were determined from the contractor's records, these costs are what W & J were entitled to instead of the Manual rates.

As a result of utilizing the hourly rates from the Manual, as suggested by Great Lakes, rather than the actual costs, the Government would have to pay an additional $731,553 above the amount it has already paid the contractor, plus Great Lakes' agreed percentage mark-ups of $115,448, for a total amount at issue of $847,001.

Another legal issue is Great Lakes' assertion that it is entitled to CDA interest on those amounts previously paid by the Government on other claims measured from the date of the receipt of the certified claim, in addition to any CDA interest on the awarded amount for equipment costs herein.

The parties agree that there are no other legal issues in this case.

i. What is the likelihood of settlement? Is alternative dispute resolution contemplated?

The parties previously participated in the Court's ADR program. At the request of the ADR Judge (Bruggink, J.), Great Lakes submitted its contention of the amounts it believed was due. Because Great Lakes claimed damages that were beyond the scope of the equipment costs, the Government suggested that ADR would not be helpful in resolving the dispute.

Great Lakes has agreed to narrow its claim for damages as set forth herein to only the issue of Suffix B equipment costs in the amount of $847,001. Therefore, the Government is willing to revisit ADR if Great Lakes is amenable.

j. Do the parties anticipate proceeding to trial? Does any party, or do the parties jointly request expedited trial scheduling? What is the requested place of trial?

If the case is not resolved through ADR or dispositive motions, the parties anticipate proceeding to trial.

Great Lakes requests expedited trial scheduling because Great Lakes has been seeking payment for W & J and itself since 2004, and this delay has caused W & J great financial hardship. In addition, the issues in this case are relatively straightforward in that the parties agree generally that Great Lakes and W & J incurred additional equipment costs in performing the Project work. The sole issue in this case on which the parties disagree is the standard by which to measure the additional equipment costs.

The Government opposes expedited trial scheduling in this case because Great Lakes has already been paid $36,479,793.82 on the contract and this dispute only involves their claim for additional compensation for $847,001.

Great Lakes and the Government suggest that the trial be held in Jacksonville, Florida.

k. Are there special issues regarding case management needs?

The parties agree that no special issues regarding electronic case management needs are expected at this time.

l. Is there any other information of which the Court should be aware at this time?

Great Lakes has agreed to amend its complaint, and the Government will not object provided that such amendment is for the purpose of narrowing the scope of its claim to only the issue of Suffix B equipment costs in the amount of $847,001.

The parties agree that there is no other information of which the Court should be aware at this time.

m. Discovery

Great Lakes proposes the following discovery schedule:

| | |
|---|---|
| Initial Rule 26 Disclosure Deadline | December 17, 2007 |
| Fact Discovery Deadline: | January 31, 2007 |
| Disclosure of Expert and Expert Reports | January 15, 2007 |
| Expert Depositions/Discovery | February 15, 2008 |

The Government believes that plaintiff's proposed schedule is too short to accomplish discovery and proposes the following:

| | |
|---|---|
| Exchange of Initial Disclosures: | December 31, 2007 |
| Deadline for Serving Written Discovery | April 1, 2008 |
| Designation of Experts | March 1, 2008 |
| Deadline for Completion of Fact Depositions | July 1, 2008 |

| | |
|---|---|
| Disclosure of Expert Reports | August 1, 2008 |
| Deadline for Expert Depositions | November 1, 2008 |
| Close of All Discovery | December 31, 2008 |

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/Donald E. Kinner
DONALD E. KINNER
Assistant Director

s/Joseph W. Lawrence, II
JOSEPH W. LAWRENCE, II
Vezina, Lawrence & Piscitelli, P.A.
The Museum Building
300 SW First Avenue, Suite 150
Fort Lauderdale, Florida 33301
Jacksonville, FL 32207-8175
Tel: (954) 728-1270
Fax: (954) 728-1270

Attorney for Plaintiff

s/Armando A. Rodriguez-Feo
ARMANDO A. RODRIGUEZ-FEO
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L St., NW
Washington, D.C. 20530
Tel: (202) 307-3390
Fax: (202) 514-8624

Attorneys for Defendant

November 8, 2007

CERTIFICATE OF FILING

I hereby certify that on this 8th day of November, 2007, a copy of the foregoing "JOINT PRELIMINARY STATUS REPORT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Armando Rodriguez-Feo_