**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

*********************************

**GREAT LAKES DREDGE & DOCK COMPANY, LLC as the Successor in Interest of GREAT LAKES DREDGE & DOCK COMPANY, for the Use and Benefit of WILKINSON & JENKINS CONSTRUCTION CO., INC.,**

**Plaintiff,**

**v.**

**UNITED STATES ARMY CORPS OF ENGINEERS,**

**Defendant.**

**No. 07-00218 C**

**Judge Firestone**

*********************************

**AMENDED COMPLAINT**

**JURISDICTION**

Jurisdiction of this Court is founded upon the Contract Disputes Act of 1978, 41 U.S.C. 601 et seq.

**STATEMENT OF FACTS**

1. On September 25, 2002, the United States Army Corps of Engineers, U.S.A. Engineering District, Jacksonville, Florida ("Corps"), awarded Contract No. DACW17-02-C-0037 (the "Contract") to Great Lakes Dredge & Dock Company, ("Great Lakes"), 2122 York Road, Oak Brook, Illinois, for Construction and Maintenance Dredging, 40-Foot Project, Entrance Channel, Turning Basin and Berthing Areas, Manatee Harbor, Florida ("Project").[1]

[1] As of August 1, 2005, Great Lakes Dredge & Dock Company was merged with and into Great Lakes Dredge & Dock Company, LLC, and by virtue of the merger, Great Lakes Dredge & Dock Company LLC assumed all obligations and liabilities of Great Lakes Dredge & Dock Company. Great Lakes Dredge & Dock Company, Great Lakes Dredge & Dock Company LLC and the U.S. Army Corps of Engineers entered into a Novation Agreement, effective August 1, 2005, in which the Corps recognized Great Lakes Dredge & Dock Company, LLC as the successor in interest of Great Lakes Dredge & Dock Company with respect to numerous contracts, including Contract No. DACW17-02-C-0037.

2. The Contract awarded to Great Lakes was based on Great Lakes' price contractually agreed to by the parties. A true and correct copy of the Contract was attached to the original Complaint in this matter as Exhibit 1 and is incorporated herein by reference.

3. The Contract contained standard clauses governing Differing Site Conditions (52.236-2) (Apr. 1984), Changes (52.243-4) (Aug. 1987), Requests for Equitable Adjustment (252.243-7002) (Mar. 1998) and Disputes (52-233-1) (Dec. 1998).

4. On May 19, 2003, Great Lakes subcontracted certain Contract work to its dike construction subcontractor, Wilkinson & Jenkins Construction Co., Inc. ("W&J"). A true and correct copy of the W&J subcontract ("Subcontract") was attached to the original Complaint in this matter as Exhibit "2" and is incorporated herein by reference

5. During the course of the Project work, several design problems were discovered in the Contract's plans and specifications, and W&J encountered differing site conditions in attempting to perform the subcontracted work. In order to correct these design problems and to address the differing site conditions, the Corps made a number of changes to the contract plans and specifications. The changes impacted W&J's costs and time of performance; the work of W&J was on the critical path of the Project and Great Lakes was impacted also. The Corps changed the Contract to overcome the defects in the Contract and the differing site conditions in order to complete the dike work. The Corps made changes pursuant to unilateral Modifications and one agreed upon Modification. Pursuant to those Modifications, the final price and contract time were to be agreed upon at a later point.

6. After the work was done, Great Lakes and W&J were directed by the Corps to submit a Request for Equitable Adjustment through Great Lakes for the purpose of the Corps, Great Lakes and W&J coming to a final agreement as to additional compensation and additional

contract time. As requested, W&J submitted its Request for Equitable Adjustment to Great Lakes and Great Lakes submitted the Request for Equitable Adjustment to the Corps (with appropriate markups and a request for compensation for delay for Great Lakes), because the Corps specifically instructed W&J and Great Lakes to submit their proposal as a Request for Equitable Adjustment and not as a claim.

7. However, thereafter, the Corps did not respond to the Request for Equitable Adjustment submitted by Great Lakes which included W&J's Request for Equitable Adjustment. Great Lakes therefore converted the Request for Equitable Adjustment to a claim under the Disputes clause and asked the Contracting Officer for a Final Decision.

8. Great Lakes submitted the claim in the amount of $ 2,689,977.74, representing the total value of the change order work, in accordance with Contract Clause 52-233-1 Disputes (Dec. 1998). A true and correct copy of the claim was attached to the original Complaint as Exhibit "3" and is incorporated herein by reference. The Corps paid portions of this claim through certain Contract Modifications, and the Corps indicated that it agreed to liability for the claim and agreed to all of the claim amounts except for a disagreement about the method of measurement of equipment costs (rates for operating and standby costs as well as mark-ups) and a disagreement about when interest on unpaid monies should start to be calculated. As of this date, the Corps has not paid the full amount of the claim.

9. The Contracting Officer issued a final decision on the W&J and Great Lakes claim that found the claim to have merit but awarded only a portion of the claimed equitable adjustment. Great Lakes, for the use and benefit of W&J, accordingly deemed the claim to be denied to the extent the full amount of the claim was not paid.

10. Great Lakes and the Government have now agreed and stipulated to narrow the issues in this proceeding to one factual issue, i.e., the amount of compensation that Great Lakes is entitled to receive for itself and W & J for additional equipment costs that Great Lakes through W & J incurred on the Project. All other factual issues regarding the amount that Defendant owes Great Lakes in connection with the work performed by W & J have been resolved by stipulation and agreement of the parties. (See Joint Preliminary Status Report filed in the referenced proceeding by all counsel of record.)

11. The parties agree as to the underlying facts and conditions that caused Great Lakes and W&J to incur the additional equipment costs at issue in this case but differ as to measurement of those costs. Great Lakes and W& J contend that Corps Manual 1110-1-8 should be used to calculate the additional equipment costs, while the Corps asserts the W&J Project Job Cost Reports should be used (resulting in a lower amount paid to Great Lakes and W&J). The parties agree as to the percentage amounts of applicable W & J and Great Lakes' markups on the additional equipment costs found to be owed by the Government.

12. Based on the Corps' Manual 1110-1-8, Construction Operating Equipment Ownership and Operating Expense Schedule, Region III, Great Lakes claims entitlement to be compensated by the Corps for W & J's additional equipment costs in the amount of $731,553.00 pursuant to Corps Manual 1110-1-8, together with appropriate markups (for an additional sum of $115,448.00) for a total amount at issue of $847,001.00, and interest required by law measured from the date of the Corps' receipt of the certified claim as well as interest required by law measured from the date the payment was due through the date of the Corps' receipt of the certified claim. The Corp's position is that W & J and Great Lakes have been paid the actual costs determined from the contractor's records and no additional money is due.

WHEREFORE, Great Lakes Dredge and Dock Company LLC, as the successor in interest of Great Lakes Dredge & Dock Company, for the use and benefit of Wilkinson & Jenkins Construction Co., Inc. is entitled to an equitable adjustment to the Contract for the additional equipment costs incurred by Great Lakes and W&J pursuant to Corps Manual 1110-1-8 in the amount of $731,553.00, with appropriate mark-ups for Great Lakes in the sum of $115,448, for a total amount at issue of $847,001.00, together with interest required by law pursuant to 41 U.S.C. § 611 measured from the date when the certified claim was received by the Government, interest required by law pursuant to 31 U.S.C. § 3901 et seq. from the date payment on the claim was due through the date the Government received the certified claim, and such other and further relief as the Court may deem just and proper.

Dated this _____ day of November, 2007.

Respectfully submitted,

Joseph W. Lawrence, II
Florida Bar No. 211303
E-mail: JLawrence@vlplaw.com
**Vezina, Lawrence & Piscitelli, P.A.**
The Museum Building
300 SW First Avenue, Suite 150
Fort Lauderdale, FL 33301
Telephone: (954) 728-1270
Facsimile: (954) 728-1271

Attorneys for Great Lakes Dredge & Dock Company, LLC as the Successor in Interest of Great Lakes Dredge & Dock Company, for the Use and Benefit of Wilkinson & Jenkins Construction Co., Inc.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November ____, 2007, I electronically filed this document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on the following counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF:

Armando Rodriguez-Feo, Trial Attorney
Commercial Litigation Branch, Civil Division
United States Department of Justice
1100 L Street, N.W.
Washington, D.C. 20530

______________________________
Joseph W. Lawrence, II